**BOROUGH OF MEDIA**

**v.**

**COUNTY OF DELAWARE and The Media Swimming and Rowing Club, a Corporation, Now known as The Broomall's Lake Country Club.**

**Appeal of: The Media Swimming and Rowing Club, a Corporation, Now known as The Broomall's Lake Country Club.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2013.

Decided Dec. 9, 2013.

Eugene A. Bonner, Media, for appellants.

Guy A. Donatelli, West Chester, for appellee Borough of Media.

John A. Matlawski, Media, for County of Delaware.

BEFORE: BROBSON, Judge, and McCULLOUGH, Judge (P.), and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Media Swimming and Rowing Club, a Corporation, now known as The Broo-

mall's Lake Country Club (Club), appeals from the February 26, 2013, order of the Court of Common Pleas of Delaware County (trial court) that revoked, *sua sponte,* the stipulation and order entered by the trial court on May 26, 2011. We vacate the February 26, 2013, order and remand to the trial court for consideration of Club's petition for contempt and enforcement of the stipulation and order.

On December 28, 2006, the Borough of Media (Borough) filed a complaint for declaratory judgment against Delaware County (County) and Club seeking to parcel out the responsibility of each of the parties, Borough, County, and Club, for the maintenance and repair of a dam. The dam separates and supports the use of the properties owned by County and Club and a road over the dam known as West Third Street. Located at the western boundary of the Borough, the dam is believed to have been constructed by Club's predecessor in interest, John Broomall. Because the dam has fallen into disrepair, West Third Street has been closed to traffic where it crosses the dam. (Trial Ct. Op., 4/18/13, at 1; Stip. and Order ¶¶ 1–3.) In the complaint, Borough sought a declaration that it was the owner of an easement over the surface of West Third Street and that County and Club were responsible for maintaining, repairing, and replacing the dam now and in the future. County and Club filed answers and counterclaims asserting that they had no responsibility for the dam and that responsibility for its maintenance, repair, and replacement lay with Borough. (Trial Ct. Op., 4/18/13, at 1–2.)

The parties agreed to a settlement of the action by stipulation that set forth the parties' respective responsibilities for repairs to the dam and roadway and for the ongoing maintenance and future repair of the dam and roadway. (Stip. and Order ¶ 5.) The stipulation specifies, in relevant part, that "Borough will also make such improvements as [are] necessary to reestablish the West Third Street roadway across the dam as an open thoroughfare for vehicular and pedestrian traffic...." (*Id.* ¶ 6(a).) The stipulation and order provides that it "constitute[s] a full, final[,] and unappealable resolution of the facts and legal issues[,]" thereby settling, discontinuing, and ending the litigation. (*Id.* ¶ 7.) Upon request and agreement of all the parties, the trial court entered the stipulation and order as an order of the court.

Subsequent to the entry of the stipulation and order, a disagreement arose between the parties regarding whether Borough would reestablish West Third Street across the dam as a one-way or two-way road. (Trial Ct. Op., 4/18/13, at 2.) West Third Street was open to two-way traffic before it was closed. (*Id.*) Borough wishes to open West Third Street to one-way traffic only, (Borough's Br. at 6), but Club points to evidence in the record showing that all parties intended a two-way road at the time the parties requested the trial court to enter the stipulation and order. (Club's Br. at 6–7.) Club states that after new members were elected to Borough Council, the issue of whether Borough would open West Third Street as a one-way or two-way road became contentious. (*Id.* at 7.) On September 20, 2012, Borough Council voted four-to-three to open the road to one-way traffic only. (Minutes, Borough Council Meeting, 9/20/12; R.R. at 29a.)

On September 28, 2012, Club filed its petition for contempt against Borough. As relief, Club sought an order enjoining Borough from proceeding with plans for a one-way roadway and requiring Borough to comply with the stipulation and order. (Pet. for Contempt at 3–4.)

By order entered February 26, 2013, the trial court, *sua sponte,* revoked the stipulation and order.[1] The trial court noted that "the underlying consent of the [p]arties formed the foundation of the request that the [s]tipulation become an order pursuant to the signature of the Judge" and that the stipulation and order "was not in any way imposed on any of the [p]arties." (Trial Ct. Order, 2/26/13, at 1–2.) The trial court reasoned that because "the underlying agreement of the [p]arties [wa]s being challenged, the [o]rder which was entered pursuant to that underlying agreement must also be revoked." (*Id.* at 2.) The trial court filed an opinion in support of the February 26, 2013, order, which states:

It is clear … that if the parties are in disagreement over something as fundamental as whether the roadway will be open to one-way or two-way vehicular traffic, there was no meeting of the minds so as to form the basis of a [s]tipulation and the parties should be returned to their status immediately preceding their [s]tipulation. For this reason the court entered its order.

(Trial Ct. Op., 4/18/13, at 3.)

Club filed a petition for reconsideration in which Club objected to the trial court's

revocation of the stipulation and order and requested as relief, in pertinent part, that the trial court vacate the February 26, 2013, order. (Pet. for Recons. at 2.) Borough did not oppose Club's requested relief, i.e., the vacating of the February 26, 2013, order, and stated that "[t]he Borough does not believe the [s]tipulation and [o]rder resolving the matter should have been revoked."[2] (Borough's Response to Club's Pet. for Recons. at 1.) The trial court denied reconsideration and Club timely appealed[3] to this court.[4]

In this appeal, Club challenges the trial court's jurisdiction to revoke the May 26, 2011, stipulation and order pursuant to section 5505 of the Judicial Code, 42 Pa. C.S. § 5505.[5] Club argues that section 5505 of the Judicial Code prevents the trial court from having jurisdiction to revoke the stipulation and order more than 30 after its entry. Thus, because the stipulation and order was entered on May 26, 2011, Club asserts that the trial court's attempted revocation of that order on February 26, 2013, approximately 16 months after its entry, is a nullity. We agree.

Borough contends that the trial court had jurisdiction to address the petition for

---

1. In its petition for contempt, Club argued that all parties had agreed that West Third Street was to be reestablished as a roadway accommodating two-way vehicular traffic. (Club's Br. in Support of Pet. for Contempt at 2.) Club attached affidavits of Borough Council members stating that this was their understanding of the stipulation and order. (*Id.,* Ex. B 1–4.)

2. Borough opposed Club's petition for reconsideration on the ground that Borough believed that the stipulation and order permitted Borough to construct a one-way roadway over the dam. (Borough's Response to Pet. for Recons. at 1.)

3. Borough filed a cross-appeal, which was discontinued on June 20, 2013.

4. The issue on appeal is whether the trial court had the authority to revoke the stipulation and order. "As the issue in this case is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Vanderhoff v. Harleysville Insurance Company,* 606 Pa. 272, 279, 997 A.2d 328, 333 (2010).

5. Section 5505 of the Judicial Code provides for the modification of orders as follows:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505.

contempt because the stipulation and order was not the result of any legal determination of the disputed issues in the underlying declaratory judgment action, but was signed by the trial court only as a result of the agreement between the parties; the trial court merely accommodated the parties. Borough maintains that the parties' intentions and the circumstances giving rise to the stipulation and order in question are relevant inquiries in determining the effect of that order.

We do not disagree that the trial court had jurisdiction over the petition for contempt. The question before this court is whether the trial court had jurisdiction to *sua sponte* revoke its May 26, 2011, order when considering the averments in the petition for contempt. Although the trial court made no judicial determination on the underlying facts or law when it entered its May 26, 2011, order, that is irrelevant because an order is an order. *Cleary v. Department of Transportation,* 919 A.2d 368, 371 (Pa.Cmwlth.2007); *Moore v. Workmen's Compensation Appeal Board (Reading Paperboard Corporation),* 676 A.2d 690, 694 (Pa.Cmwlth. 1996).

Section 5505 of the Judicial Code authorizes a court, upon notice to the parties, to modify or rescind an order within 30 days of its issuance. "This 30–day limitation is jurisdictional and cannot be waived by the parties." *Maurice A. Nernberg & Associates v. Coyne,* 920 A.2d 967, 970 n. 7 (Pa.Cmwlth.2007). Thus, the trial court did not have jurisdiction to *sua sponte* revoke its May 26, 2011, order nearly 16 months later.

Accordingly, we vacate the trial court's February 26, 2013, order and remand this matter for further proceedings on the petition for contempt.[6]

### ORDER

AND NOW, December 9, 2013, we hereby vacate the February 26, 2013, order of the Court of Common Pleas of Delaware County (trial court) and remand this matter to the trial court for further proceedings on the petition for contempt and enforcement of the stipulated order.

Jurisdiction relinquished.

### CONCURRING OPINION BY Judge BROBSON.

Every action to compel compliance with the terms of a settlement agreement one way or another involves a dispute between the parties over the terms of the agreement. Here, rather than attempt to construe the terms of the settlement, memorialized in the May 26, 2011 stipulation and order (Settlement Order), the Court of Common Pleas of Delaware County (trial court) revoked the Settlement Order because of the parties' present disagreement over a particular term. (Trial Ct. Op., 4/18/13, at 3.) That was error, and, for this reason, I concur with the majority's decision to vacate the February 26, 2013 Order of the trial court in this matter.

On remand, the trial court should apply principles of contract law to determine whether it can and should enforce the Settlement Order in the manner requested by Appellant The Broomall's Lake Country Club. *See Step Plan Servs., Inc. v. Koresko,* 12 A.3d 401 (Pa.Super.2010). Under those principles, it is the intent of the parties at the time they entered into the Settlement Order that controls, and the writing is the best evidence of that intent.

---

**6.** Due to our disposition of this issue, we need not resolve the remaining issues addressed by the parties in this appeal.

If, however, language in the agreement is ambiguous as to the parties' intent, the trial court may consider extrinsic or parole evidence to determine the parties' intent. *Id.* at 410–11.