J-A18024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRIAN P. STROH | |
| Appellee | No. 1875 WDA 2016 |

Appeal from the Order Entered November 9, 2016
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000621-2012

BEFORE:  BOWES, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:            **FILED AUGUST 29, 2017**

The Commonwealth of Pennsylvania appeals from the trial court's order[1] granting Defendant Brian P. Stroh's motion to be placed on electronic monitoring to serve the remainder of the incarceration portion of his

_____

[1] The trial court's order states:

> AND NOW, this 9th day of November, 2016, consistent with the foregoing Opinion, it is hereby ORDERED, DIRECTED and DECREED that the Defendant's Motion for Electronic Monitoring is granted. Therefore, the Defendant shall be placed on the Electronic Monitoring Program. He shall be responsible to pay all the fees and expenses relative to the Electronic Monitoring Program in full upfront, and he shall be fully compliant with the terms and conditions of the Electronic Monitoring Program under the supervision of Blair County Adult Parole & Probation Office. Assuming his compliance, he shall remain on electronic monitoring until his release to parole.  All the prior terms and conditions of his supervision remain in full force and effect.

sentence following the entry of a negotiated guilty plea to possession with the intent to deliver[2] and criminal use of a communication facility.[3] After careful review, we vacate.

On July 31, 2015, Stroh entered into a negotiated plea agreement;[4] the parties agreed that Stroh would serve 2½ years, minus one day, to 5

_____

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 7512(a).

[4] The parties placed the following agreement on the record at the plea hearing:

> BY ATTORNEY GORMAN [Prosecuting Attorney]: [A]s a result of the plea, Your Honor, [Defendant would] be sentenced to Count 1, the Possession With Intent to Deliver, **to a period of incarceration** of two and a half minus a day to five years minus two days and that whatever sentence the Court would give on Count 6 would be the same sentence that would not run beyond the two and a half minus a day to five years minus two days. **It's a binding plea agreement** to be presented to the Court and **the placement of incarceration would be up to the Court** and that the Commonwealth recognizes, Your Honor, that Mr. Stroh would be RRRI eligible based upon the lack of any substantial prior record or the offense would not preclude him from RRRI consideration and that RRRI number, Your Honor, would be twenty-two and a half months. All other counts, Your Honor, to that information would be nol prossed. That's my understanding of the plea agreement, Your Honor, being presented to the court. I would ask Attorney Passarello if that's his understanding of the plea agreement.
>
> BY THE COURT: Attorney Passarello.
>
> BY ATTORNEY PASSARELLO [Defense Attorney]: That's my understanding, Your Honor.

*(Footnote Continued Next Page)*

years, minus two days, of incarceration for the possession charge and 9-18 months' incarceration for the criminal use charge. The court was permitted to determine where Stroh would be incarcerated. The court chose to incarcerate Stroh in a county prison; any remaining charges were dismissed and Stroh was awarded credit for time served in Blair County Prison.[5]

On September 19, 2016, while he was still incarcerated, Stroh filed a motion to serve the remainder of his sentence on house arrest. After a hearing, the trial court granted the motion on November 9, 2016, and placed Stroh on house arrest/electronic monitoring after he had served 15 months of his negotiated sentence in county jail. On November 16, 2016, the Commonwealth filed a motion for reconsideration of sentence claiming that there was no legal authority for the court to grant Stroh's motion and that the court did not have jurisdiction to amend the original sentencing order. The trial court denied the Commonwealth's motion on December 1, 2016.[6]

_(Footnote Continued)_ ───────────

N.T. Guilty Plea/Sentencing, 7/31/15 at 1-2 (emphasis added). Prior to imposing sentence, defense counsel placed two things on the record: (1) that he had talked to someone at prison and informed him that the court could sentence defendant to county time; and (2) that defendant would like a 30-day deferral period prior to starting serving his sentence. *Id.* at 5-6.

[5] Stroh was also made eligible under the Risk Recidivism Reduction Incentive (RRRI) Act at 22½ months, *see* 61 Pa.C.S. §§ 4501-4512, and was granted work release.

[6] On December 9, 2016, the Commonwealth filed a motion to stay pending appeal, *see* Pa.R.A.P. 1732(a), which the trial court denied on March 20, 2017.

The Commonwealth filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, the Commonwealth presents the following issues for our consideration:

(1) Over 15 months after sentencing Stroh, did the trial court have jurisdiction to grant Stroh's motion to serve the remainder of his sentence of incarceration on electronic monitoring/house arrest?

(2) If the trial court had jurisdiction, does electronic monitoring constitute a sentence of incarceration where the plea agreement required a sentence of incarceration of 2 1/2 years (minus 1 day) to 5 years (minus 2 days)?

(3) If the trial court had jurisdiction, did the trial court's order directing Stroh to serve the remainder of his incarceration portion of his sentence on electronic monitoring violate the plea agreement and sentencing order, which required a sentence of incarceration of 2 ½ years (minus 1 day) to 5 years (minus 2 days)?

In its first issue on appeal, the Commonwealth contends that the trial court did not have jurisdiction to grant Stroh's motion to serve the remainder of his sentence on electronic monitoring/house arrest.[7]

Pursuant to 42 Pa.C.S. § 5505, a trial court may alter or modify a sentencing order within 30 days after its entry, if no appeal has been taken. The only exception to the general rule under section 5505 is where there has

---

[7] With regard to whether the Commonwealth waived this issue, we note that because the issue goes directly to the jurisdiction of the trial court to consider and rule on the motion, it is non-waivable. *See Borough of Media v. County of Delaware*, 82 A.3d 509 (Pa. Commw. Ct. 2013) (section 5505 time limit was jurisdictional and could not be waived by parties).

been a technical mistake or clerical error. The exception does not extend to reconsideration of a court's exercise of sentencing discretion. ***See Commonwealth v. Borrin***, 80 A.3d 1219 (Pa. 2013) (after trial court entered order imposing sentence on inmate, it lacked power to issue second order three years later, which granted Commonwealth's petition to clarify and restated sentence, because second order was well outside 30-day window for modification or rescission of final order).

Here Stroh entered a negotiated guilty plea on July 31, 2015. Stroh filed no post-sentence motions, direct appeal, or Post Conviction Relief Act (PCRA)[8] petition. On September 19, 2016, Stroh filed a motion to serve the remainder of his sentence on house arrest/electronic monitoring. The court granted the motion on November 9, 2016 – more than one year and three months after its original sentence.

To rebut the Commonwealth's jurisdictional argument, Stroh claims that the court's order never "modified" his sentence because "the sentence number remains the same."[9] ***See*** Appellee's Brief, at 14. However, the trial

---

[8] 42 Pa.C.S. §§ 9541-9546.

[9] How Stroh could make this argument is confounding where at the hearing on his motion to serve the remainder of his sentence on house arrest, his counsel stated:

> [T]he only avenue that would allow for [him to serve the balance of his sentence on house arrest or electronic monitoring] would be to come back to you, the sentencing judge, *to order that*[.]

*(Footnote Continued Next Page)*

court's order is more than a mere clarification of a clerical error or technical mistake. The court's original sentence, based on the parties' negotiated plea, was clear – it is for a term of incarceration in Blair County Prison. ***See supra*** n.4. There is no patent and obvious error in the court's original sentencing order that the trial court was empowered to correct. ***Borrin***, ***supra***. Accordingly, because the trial court did not have jurisdiction to modify defendant's sentence and place him on house arrest/electronic monitoring,[10] the court's November 9, 2016 order is a nullity. Thus, we

_(Footnote Continued)_ _____

N.T. Motion to Serve Remainder of Sentence on House Arrest, 11/7/2016, at 2 (emphasis added).

[10] Even assuming that the trial court had jurisdiction to modify Stroh's sentence, the order should be reversed on its merits. In ***Commonwealth v. Kyle***, 874 A.2d 12 (Pa. 2005), our Supreme Court held that time spent subject to electronic monitoring at home is not time spent "in custody" for purposes of credit under 42 Pa.C.S. § 9760. The Court noted the following:

> Incarceration in an institutional setting is different in kind, not in mere degree, from "confinement" to the comforts of one's home. Sentences, and particularly relatively short sentences such as is at issue here, can be designed to punish, to rehabilitate, and to teach lessons and personal responsibility.

> \* \* \*

> One of the benefits of home monitoring is the flexibility it affords the defendant and the court. If a court is to be required to pretend that such release is a period of incarceration, it may determine that actual incarceration, rather than bail release, is the only way to ensure service of an appropriate punishment.

***Id.*** at 22.

_(Footnote Continued Next Page)_

must vacate that order and remand this case to the trial court for reinstatement of Stroh's July 31, 2015 sentence.

Order vacated. Case remanded for reinstatement of July 31, 2015, judgment of sentence. Jurisdiction relinquished.[11]

_(Footnote Continued)_ ————————————

However, the **Kyle** Court specifically recognized there are exceptions to the general rule "when equity [is] deemed to require it[]." **Id.** at 17. Specifically, where prison authorities, without the knowledge of the sentencing court, released a DUI-defendant to electronic home confinement, because the release had not been the defendant's fault, he was entitled to credit for time spent in home monitoring program toward parole eligibility. **See Commonwealth v. Kriston**, 588 A.2d 898 (Pa. 1991). Here, however, we have a binding negotiated plea; no reassurances, however well-intended by the prison and work release coordinator that time spent on house arrest would count as time spent in jail, should overcome the parties' court-ordered agreement. **See Commonwealth v. Anderson**, 643 A.2d 109, 113 (Pa. Super. 1994) (upon acceptance of plea agreement, trial court is bound to comply with terms of agreement; negotiated sentence is binding on court where sentence is plainly set forth on record, understood and agreed to by parties and approved by trial court).

[11] We recognize that Stroh is the least culpable party under the limited facts of this case where he has personally paid $5,100 in electronic monitoring fees and now will presumably lose that money due to the trial court's lack of jurisdiction to grant him the right to be placed on electronic monitoring.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/29/2017</u>