J-S19004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DELAINE ANDREWS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BERNICE AND TIMOTHY BARNES | : | No. 1046 MDA 2022 |

Appeal from the Order Entered June 27, 2022
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2019 CV 8624-DJ

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 08, 2023**

Appellant, Delaine Andrews, appeals *pro se* from the trial court's June 27, 2022 order that, *inter alia*, found that she did not qualify for *in forma pauperis* ("IFP") status, and dismissed her appeal from an arbitration award. We affirm.

The trial court provided the following summary of this matter:

The instant case arises from a landlord[/]tenant dispute initially filed before the Honorable Magisterial District Judge Paul T. Zozos, MDJ 12-2-05.  At Docket No. MJ-12205-CV-0000061-2019[,] Ms. Andrews named [Appellees, Bernice and Timothy Barnes,] as defendants.[1]  At Docket No. MJ-12205-CV-0000083-2019, [Appellees] named Ms. Andrews as a defendant.  After hearing the cases together, Judge Zozos entered judgment in favor of [Appellees] and against Ms. Andrews in the amount of $4,150.00[.]

Ms. Andrews appealed the magisterial district judgment to the trial court.  Ms. Andrews filed a Complaint[,] which alleged Breach of Contract, Sewer and Trash Rents, Tenant Damages and

---

[1] By way of background, Ms. Andrews was Appellees' landlord.

Recoverable Litigation Costs Pursuant to the Terms of the Lease. (***Delaine Andrews v. Timothy Barnes and Bernice Barnes***, Docket No. 2019 CV 8624). She did not seek [IFP] status in connection with [her] appeal from the magisterial district judgment.

[Appellees] filed a Complaint against Ms. Andrews asserting Breach of Implied Warranty of Habitability, Breach of Lease, Violation of the Landlord Tenant Act, and Violation of the Consumer Protection Law…. (***Bernice Barnes and Timothy Barnes v. Delaine Andrews***, Docket No. 2019 CV 8628 DJ).

The parties engaged in a complex series of cross-preliminary objections.[1]

> [1] We refrain from reciting the history of the preliminary objections because they are not controlling to the issue *sub judice*.

On January 19, 2021, [Appellees] filed Motions to Consolidate Dockets at Docket No. 2019 CV 8624 and 2019 CV 8628. Ms. Andrews filed no opposition at either docket. Accordingly, on May 3, 2021, we ordered that the captions be consolidated at Docket No. 2019 CV 8624 and that no further filings be docketed to Docket No. 2019 CV 8628 DJ.

The cases proceeded to arbitration. By Report and Award of Arbitrators dated September 8, 2021, filed September 10, 2021, the arbitration panel found in favor of Ms. Andrew[s] in the amount of $1,117.92[,] and in favor of [Appellees] in the amount of $2,525.00, which constituted a new award to [Appellees] of $1,407.08.

On September 30, 2021, Ms. Andrews filed a Petition to Proceed [IFP], which she verified, pursuant to 18 Pa.C.S. § 4904 (Crime of Unsworn Falsification to Authorities). In the attached affidavit in support of her petition, Ms. Andrews stated that she was, because of her financial condition, unable to pay the fees and costs associated with this case and was unable to obtain funds from anyone, including family and friends. The Affidavit further represented that she was, at the time, unemployed and owned real estate valued at $40,000. Based upon … Ms. Andrews['s] verified statements, the court granted Ms. Andrews [IFP] status by Order filed September 30, 2021. On the same date, Ms. Andrews filed a Notice of Appeal from [the] Award of Board of Arbitrators which stated that application had been made to

proceed IFP. (Notice of Appeal from Board of Arbitrators, Docket No. 2019 CV 8624-DJ, September 30, 2021).[2]

On November 22, 2021, [Appellees] filed a Motion to Strike Appeal in which they asserted that[,] although Ms. Andrews stated in her Petition to Proceed [IFP] that she owned real estate valued at $40,000, public records reflect that she owns seven properties with a total value in excess of $40,000.[3, 4] [Appellees] asserted that Ms. Andrews falsely reported the value of the real estate and that without IFP status, she would have been required to pay $400 to appeal the Report and Award of Arbitrators as arbitrators' compensation. [Appellees] asserted that Ms. Andrews'[s] appeal was therefore invalid and should be stricken.

On December 9, 2021, Ms. Andrews filed a Motion to Strike/Dismiss with Prejudice [Appellees'] Motion to Strike Appeal. On the same date, Ms. Andrews filed an Answer/Reply in Opposition to Strike Appeal. [She also filed a Reply/Reply Brief in Opposition to Motion to Strike Appeal.]

We conducted argument on February 22, 2022, on [Appellees'] Motion to Strike Appeal. In support of their argument, counsel for [Appellees] presented exhibits regarding seven properties which [Appellees] asserted Ms. Andrews owned at the time she filed the [petition for] IFP.[5] We granted [Appellees'] leave to file documents following the argument which would reflect the status of payment of property taxes on those properties. We denied Ms. Andrews'[s] Motion to Strike/Dismiss with Prejudice [Appellees'] Motion to Strike Appeal.

On February 25, 2022, [Appellees] filed of record Property Taxes of Plaintiff Delaine Andrews for Dauphin County.

_____

[2] Ms. Andrews only filed this appeal at Docket No. 2019 CV 8624-DJ.

[3] Of the seven properties, Appellees asserted that Ms. Andrews owned four of them outright. N.T., 2/22/22, at 3.

[4] The docket reflects that no activity occurred between the court's September 30, 2021 order granting Ms. Andrews leave to proceed IFP, and Appellees' November 22, 2021 motion to strike.

[5] The trial court also permitted Ms. Andrews to submit exhibits.

On March 10, 2022, we ordered as follows:

The [c]ourt having reviewed the documents of [Appellees] and of [Ms.] Andrews submitted at oral argument held [on] February 22, 2022, on the respective parties' motions, and the supplemental exhibits regarding [Ms.] Andrews'[s] property taxes submitted by [Appellees], the court finds that inquiry into the issue of whether [Ms.] Andrews was entitled to proceed [IFP] requires an evidentiary hearing. ***See, e.g.***, ***Kovalev v. Step***[***ansky***, 240 A.3d 955 (Pa. Super. 2020) (unpublished memorandum)].

[Ms.] Andrews filed a Petition to Proceed [IFP] on September 29, 2019[,] pursuant to 18 Pa.C.S. § 4904 (Crime of Unsworn Falsification to Authorities). Accordingly, inasmuch as [Ms.] Andrews will have the opportunity to present testimony under oath regarding said Petition, [Ms.] Andrews is hereby apprised of the right to seek representation related to presentation of testimony during such hearing, which will be held on April 29, 2022[,] at 9:15 … a.m., in Courtroom No. 1, Fifth Floor, Dauphin County Courthouse.

[Ms.] Andrews shall bear the burden of proof as to whether the September 29, 2019[] Petition to Proceed [IFP] was true and correct[,] and whether she is a party without financial resources to pay the costs of litigation pursuant to Pa.R.C[iv].P. 240(b).

We convened for the April 29, 2022[] hearing. Counsel for [Appellees] appeared. Ms. Andrews did not appear. [Appellees], by their counsel, asserted that the February 25, 2022[] filing, Property Taxes of Plaintiff Delaine Andrews, demonstrates that Ms. Andrews owns seven properties having a total value of $384,000. The documents further reflected that Ms. Andrews paid property taxes in 2021[,] which totaled $3,112.07. We issued our ruling in open court on [Appellees'] Motion to Strike Appeal and stated the reasons therefore.

On June 27, 2022, we filed the following written [o]rder:

Upon hearings conducted February 22, 2022, and April 29, 2022, we found the testimony of [Appellees] to be credible.

We found non-credible the testimony of [Ms.] Andrews that she had little income and qualified for [IFP] status. [Ms.]

- 4 -

Andrews failed to appear at the April 29, 2022[] hearing set for the purpose of taking additional testimony regarding [Ms.] Andrews'[s] evidence in support of her claim for [IFP] status.

We find that she does not qualify for [IFP] status and did not so qualify at the time she appealed the September 8, 2021[] arbitration award of $1,407.08 in favor of [Appellees].

The September 8, 2021[] arbitration award of $1,407.08 in favor of [Appellees] is AFFIRMED and [Ms.] Andrews'[s] appeal of that award is DISMISSED.

Ms. Andrews filed the instant appeal.[6] On September 2, 2022, Ms. Andrews filed a Motion to Correct (Material Omissions) (*sic*) Lower Court Record[,] to which [Appellees] filed an Answer. By our Order of October 3, 2022, we granted in part and denied in part the Motion. We granted the Motion to the extent that we supplemented the record with documents which Ms. Andrews handed to the [c]ourt at the February 22, 2022[] proceeding. We did not rely upon those documents as they lacked evidentiary foundation.

Trial Court Opinion ("TCO"), 11/4/22, at 1-5 (some internal citations omitted; emphasis and capitalization in original).

The trial court later issued a Rule 1925(a) opinion. In its opinion, it referenced Pennsylvania Rule of Civil Procedure 240(j)(1), which states that,

[i]f, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

---

[6] The trial court did not order Ms. Andrews to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and she did not do so.

- 5 -

Pa.R.Civ.P. 240(j)(1). The trial court went on to recognize that Rule 240(j)(1) allows for dismissal for untrue statements *before* an action proceeds. TCO at 8. Nevertheless, it stated that it did not "read Rule 240(j)(1) to preclude us from considering a claim of false representation raised during the pendency of the action." *Id.* It reasoned that ignoring such claims "would be tantamount to knowingly allowing a case to proceed having been commenced based upon false statements without sanction." *Id.*

Presently, on appeal, Ms. Andrews raises eight questions for our review, which we set forth *verbatim*:

> **1.Error of Law as a matter of law : Did the trial court Error in its actions in the action detailed in theJune 27, 2022 court Order and who's actions and decisions were a misapplication of law and that were an error of law. More specifically it was an error of law for the trial court judge to "act" (to undermine) on an approved IFP (i*n forma pauperis*) application after it was approved by the courts.**
>
> **2.Did the trial court have authority to "act on" the September 30, 2022 IFP approval order after 30 days had lapsed after the entry of the order?.**
>
> **3.Did the trial court Erred as a matter of law : Once Appellant Andrews petition for IFP had been approved did the trial court have authorization under the law to hold a IFP evidentiary hearing on the same identical IFP application and subsequently determine that Appellant was not entitled to IFP status when the court had approved Appellant IFP status at the time of filing Appellant Arbitration appeal**
>
> **4.Did the court Error as a matter of law** regarding the "denial IFP" remedy provisions in 240 ( C) 1 (ii) **If the Appellate Court finds that the trial court had authorization under the law to hold an IFP evidentiary hearing and subsequently determine that Appellant w**as not entitled to IFP status. then the trial court erred in their remedy in invalidating Andrews

appeal and dismissing Appellant arbitration appeal and the remedy was manifestly abusive and contrary to the law .

**5.Did the court Error as a matter of law** regarding the "denial IFP" remedy provisions in 240( C) 1 (ii) **If the Appellate Court finds that the trial court had authorization under the law to hold an IFP evidentiary hearing and subsequently determine that Appellant w**as not entitled to IFP status. then the trial court erred in their remedy in invalidating Andrews appeal and dismissing Appellant arbitration appeal and the remedy was manifestly abusive and contrary to the law .

**6.Did the Trial Court Erred as a matter of law in that the Evidence of Record does not reflect that in anyway was Appellant Andrews untruthful on her IFP application The trial court was manifestly unreasonable and abused discretion because the evidence that the trial court relied on wholly does not support that Andrews had the ability to pay the Arbitration filing fee in September 2021 .**

**7 .Did the trial Court demonstrate bias, and ill will prejudicing Appellant thus violating Constitutional rights?**

**8.Did the trial Court Error when they failed to grant Appellant Andrews unopposed Motion to Strike Barnes Motion to Strike causing prejudice in this case?**

Ms. Andrews's Brief at 2-3.[7]

### First Issue

---

[7] Ms. Andrews's brief fails to comply with Pa.R.A.P. 2119(a). **See** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Although she raises eight issues in her Statement of Questions Involved, she does not divide the Argument section of brief into eight corresponding parts. **See Donaldson v. Davidson Bros., Inc.**, 144 A.3d 93, 99 n.9 (Pa. Super. 2016) (determining that the appellant failed to comply with Rule 2119(a) where the appellant's brief did not "present and develop eight arguments in support of the eight questions raised"). While we admonish Ms. Andrews for failing to follow Rule 2119(a), her noncompliance does not prevent our review. We will therefore overlook her violation of Rule 2119(a) and address the issues she raises in her Statement of Questions Involved.

In Ms. Andrews's first issue, she argues that the trial court erred in acting on her IFP petition after it had already been approved by another judge. She says "[n]either the Pennsylvania Rules of Civil Procedure or Pennsylvania statutory law provide authorization for the Honorable Judge Cherry (another trial court judge) to make a new finding on a previously granted IFP [petition] dated September 30, 2021 by the Honorable Judge McNally (another trial court judge)…." Ms. Andrews's Brief at 7.

No relief is due. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Problematically, Ms. Andrews does not indicate where she raised this claim before the trial court. *See* Pa.R.A.P. 2119(e) ("Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information."); ***Commonwealth v. Baker***, 963 A.2d 495, 502 n.6 (Pa. Super. 2008) ("[I]t is not the responsibility of this Court to scour the record to prove that an appellant has raised an issue before the trial court, thereby preserving it for appellate review.") (citations omitted).

Further, our own review of the record does not indicate that Ms. Andrews raised this issue below. To review, Appellees filed a motion to strike Ms. Andrews's appeal pursuant to Pennsylvania Rule of Civil Procedure 240. *See*

Motion to Strike Appeal, 11/22/21, at 1 (specifically citing Pa.R.Civ.P. 240(b), (j)(1)); *id.* at ¶ 14 ("Since [Ms.] Andrews falsely reported her value in real estate in the IFP petition and she is able to pay the costs of litigation, this appeal was granted pursuant to an invalid IFP."). Ms. Andrews then filed a Motion to Strike/Dismiss with Prejudice Appellees' Motion to Strike Appeal. Therein, she asserted that Appellees' motion to strike appeal was procedurally defective because they erroneously mailed the motion to the wrong P.O. Box. In addition, she baldly claimed that Appellees untimely filed their motion to strike, but she set forth no authority or legal analysis in support of that assertion. Notably, she did not complain that the trial court could not act on her IFP petition after another judge had already granted it.

In addition, Ms. Andrews filed an Answer/Reply in Opposition to Motion to Strike Appeal. In that filing, she again did not raise that the trial court could not act on her IFP petition after it had already been granted.

She also submitted a Reply/Reply Brief in Opposition to Motion to Strike Appeal. In this reply, she reiterated her argument that the motion to strike was procedurally defective because it had been sent to the wrong P.O. box, and again claimed that Appellees' motion to strike was untimely without providing any authority or legal analysis in support. She additionally maintained that she had insufficient funds at the time she filed her petition to proceed IFP, and that her estimate of the value of her real estate took into consideration the repairs the properties need. Finally, without any elaboration or supporting legal authority, she claimed that striking her appeal is unduly

prejudicial as it puts her out of court, and she stated that her appeal should not be deemed invalid because she completed the petition to proceed IFP truthfully, to the best of her ability, and in compliance with the relevant rule. Amidst these arguments, she did not raise that the trial court could not now act on her petition after it had already been granted.

Last, our review of the transcript from the February 22, 2022 oral argument does not reveal that Ms. Andrews brought up this specific issue there either. Further, she did not raise it at the April 29, 2022 hearing because she did not attend that proceeding. As such, this issue is waived.

**Second Issue**

In Ms. Andrews's second issue, she contends that the trial court did not have the authority to act on the September 30, 2021 IFP approval order after 30 days had lapsed after the entry of the order. Ms. Andrews's Brief at 8-9. Citing 42 Pa.C.S. § 5505, she says that the trial court may only modify a previous order within 30 days after its entry, and after that 30-day period, the trial court's jurisdiction is divested. ***Id.***

Though Ms. Andrews did not raise this issue below, we will address it since it ostensibly raises an issue of jurisdiction. ***See Borough of Media v. County of Delaware***, 82 A.3d 509, 512 (Pa. Cmwlth. 2013) ("Section 5505 of the Judicial Code authorizes a court, upon notice to the parties, to modify or rescind an order within 30 days of its issuance. This 30–day limitation is

- 10 -

jurisdictional and cannot be waived by the parties.") (cleaned up).[8] Section 5505 provides that, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. Importantly, "Section 5505 applies only to final orders." ***Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC***, 108 A.3d 913, 917 n.3 (Pa. Super. 2015) (citation omitted). Here, the trial court's September 30, 2021 order granting Ms. Andrews IFP status was not a final order. Therefore, the 30-day time limit of Section 5505 did not apply to it, and Ms. Andrews's argument fails.

## Third Issue

In Ms. Andrews's third issue, she argues that "[n]either the Pennsylvania Rules of Civil Procedure or Pennsylvania statutory law provide authorization for a trial court judge to hold an evidentiary hearing on the same identical IFP petition once the courts have approved an IFP application." Ms. Andrews's Brief at 9 (internal quotation marks omitted). Again, Ms. Andrews does not point us to where she raised this claim below. ***See*** Pa.R.A.P. 2119(e), ***supra***; ***Baker***, ***supra***. Further, our own review of the record does

---

[8] "Although decisions by the Commonwealth Court are not binding on this Court, they may be persuasive." ***Cresci Const. Services, Inc. v. Martin***, 64 A.3d 254, 256 n.3 (Pa. Super. 2013) (citation omitted).

- 11 -

not show that she presented it to the trial court. Accordingly, it is waived. *See* Pa.R.A.P. 302(a), *supra*.

## Fourth and Fifth Issues

Ms. Andrews's fourth and fifth issues duplicate each other and, therefore, we address them together. Ms. Andrews complains that the trial court should not have dismissed her appeal, but instead permitted her to pay the filing fee. Ms. Andrews's Brief at 2-3, 10. We deem this argument waived on multiple grounds. First, she does not point us to where she specifically raised this argument below. *See* Pa.R.A.P. 2119(e), *supra*; *Baker*, *supra*. Second, our own review of the record does not show that she specifically raised it below. *See* Pa.R.A.P. 302(a), *supra*. Third, she sets forth no developed argument that the trial court should have permitted her to pay the filing fee rather than dismissing her action. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citations omitted). Thus, for all these reasons, it is waived.

## Sixth Issue

In Ms. Andrews's sixth issue, she claims that the trial court erred and/or abused its discretion in concluding that she was untruthful on her IFP application. *See* Ms. Andrews's Brief at 10. She asserts that she offered evidence to substantiate her indebtedness and the poor condition of her

- 12 -

properties. *Id.* at 11. She challenges the assertion that her seven properties have a value of $384,000, which she says was nothing more than a 'Zestimate' from Zillow. *See id.* at 12. She also says that the fact that she paid property taxes on the properties in March of 2021 does not mean that she could pay the $400 filing fee to appeal the arbitration award six months later in September of 2021. *Id.* at 12-13. Moreover, she claims that her self-employment income only amounts to $500-800/month, as her income was severely impacted by the Covid-19 crisis. *Id.* at 13.

We discern no error or abuse of discretion in the trial court's determination that Ms. Andrews was untruthful on her IFP petition. Initially, Ms. Andrews *failed to appear at the April 29, 2022 hearing*, which was scheduled for the specific purpose of taking additional evidence regarding her IFP status, including her testimony. TCO at 5, 7-8. To the extent Ms. Andrews argues that she offered evidence at the February 22, 2022 proceeding of her indebtedness and the conditions of her properties, the trial court reasonably explained that it did not rely on such evidence as it lacked an evidentiary foundation. *Id.* at 5. Instead, the trial court weighed the evidence presented by Appellees, specifically that Ms. Andrews owned seven properties and was in good standing on her tax bills for them, which led it to the conclusion that Ms. Andrews provided false information on her IFP petition. *Id.* at 4-5, 7-8. Given the record before it, we cannot conclude that the trial court erred or abused its discretion in reaching this conclusion.

**Seventh Issue**

In Ms. Andrews's seventh issue, she argues that the trial court demonstrated bias and ill-will toward her, thus violating her constitutional rights. Most of her argument on this issue, however, rehashes the evidence before the trial court and argues that it did not support that she could pay the filing fee in September of 2021. **See** Ms. Andrews's Brief at 11-13. Because this argument fits better with her Sixth Issue, we incorporated her assertions into our consideration of her Sixth Issue. Therefore, to the extent she argues in her Seventh Issue that the evidence did not support that she could pay the filing fee, we reject this argument for the reasons set forth in her Sixth Issue, **supra**. Further, to the extent she argues that the trial court demonstrated bias and ill-will toward her, violating her constitutional rights, we deem this claim waived for lack of development. **See Hardy**, **supra**.

### Eighth Issue

Finally, in Ms. Andrews's eighth issue, she advances that the trial court erred when it failed to grant her unopposed Motion to Strike/Dismiss with Prejudice Appellees' Motion to Strike Appeal. She claims that the trial court never ruled on this motion. Ms. Andrews's Brief at 13.

The record belies this argument. At the February 22, 2022 proceeding, the trial court denied her motion. N.T., 2/22/22, at 20 ("Based on the evidence that was presented here[,] your motion is denied. … The reason for my decision is there is a great amount of evidence which may call into question whether or not such conduct was performed by [Ms. Andrews]. The [c]ourt isn't ready to render a verdict, but certainly there was not evidence presented

by [Ms. Andrews] to show that this motion to strike should be denied and stricken.").

Further, we are unpersuaded that the trial court erred in denying the motion. We reiterate that, in her Motion to Strike/Dismiss with Prejudice Appellees' Motion to Strike Appeal, Ms. Andrews presented two arguments. First, she claimed that Appellees' motion to strike her appeal was procedurally defective because they erroneously mailed the motion to the wrong P.O. Box. However, she admitted at the February 22, 2022 proceeding that she received the motion in time for her to file a response. *Id.* at 21-22. Thus, we are unconvinced by her argument that relief is due on this basis.

Second, Ms. Andrews baldly advanced that Appellees' motion to strike was untimely. However, she provided no authority or legal analysis to support this claim. As such, we conclude that the trial court did not err in denying her motion on this basis either. Further, to the extent she raises a legal theory to support her assertion of untimeliness on appeal, we deem such an argument waived. ***See Estate of Witthoeft v. Kiskaddon***, 733 A.2d 623, 630 n.8 (Pa. 1999) (finding issue waived where the appellant raised a legal theory for the first time on appeal to the Superior Court). Thus, all of Ms. Andrews's issues fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>08/08/2023</u>